1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT

10         SOUTHERN DISTRICT OF CALIFORNIA

11

12   CHARLENE MCCORMICK, an individual;    )    Civil No. 12cv00433 AJB (WMC)
     DOUGLAS KIDD, an individual;           )
13   SYLINA KIDD, an individual;            )    **ORDER DENYING PLAINTIFFS'**
     DOUGLAS KIDD, an individual;           )    **MOTION TO REMAND**
     ROBERT CROCKER, an individual;         )
14   WILLIAM CROCKER, an individual;        )    [Doc. No. 8]
     VINCENT CHAMBERS, an individual;       )
15   GERALD SCHIFF, an individual;          )
                                            )
16                      Plaintiff,          )
                                            )
17   v.                                     )
                                            )
18   U.S. Bank, N.A., a national banking    )
     association; Temecula Valley Bank, N.A.; )
19   Mortgage Electronic Registration Systems, )
     Inc.; and DOES I-XX inclusive,         )
                                            )
20                      Defendants.         )
                                            )
21   _____   )

22         Presently before the Court is the Plaintiffs' Motion to Remand. (Doc. No. 8.) For the reasons set

23   forth below, the Court **DENIES** the motion.

24                                      **I.**

25                                 **BACKGROUND**

26         On January 13, 2012, the Plaintiffs, Charlene McCormick, Douglas Kidd, Sylina Kidd, Douglas

27   Kidd, Robert Crocker, William Crocker, Vincent Chambers, and Gerald Schiff ("Plaintiffs"), filed a

28   Complaint against Defendant U.S. Bank. (Doc. No. 1 at 12.) They alleged various causes of action in

12cv433

relation to the Plaintiffs' individual mortgage loans. These causes of action include privity of contract, rescission, negligence, intentional misrepresentation, conspiracy to commit civil tort, and violation of the business and professional code § 17200. (*Id*.)

On February 17, 2012, the Defendants removed this action to federal court on the basis of diversity jurisdiction and federal question jurisdiction. (*Id*. at 3-4.) On March 9, 2012, the Plaintiffs filed the instant motion to remand. (Doc. No. 8.) They then filed a First Amended Complaint ("FAC") on March 16, 2012. (Doc. No. 11.) In the FAC, the Plaintiffs added Temecula Valley Bank (a non-diverse party) and Mortgage Electronic Registration Systems as Defendants. (*Id*. at 5.) The FAC also removed the § 17200 cause of action, which had been the basis for federal question jurisdiction. (Doc. No. 1 at 4.)

On June 27, 2012, the Defendants filed an opposition arguing that remand was not warranted. (Doc. No. 18.) The Plaintiffs failed to file a reply before the Court's July 9, 2012 deadline. However, upon review of the parties' arguments, the Court required more information regarding whether the action had retained its diversity jurisdiction after the addition of a non-diverse Defendant in the FAC. Accordingly, the Court ordered the Plaintiffs to file a reply addressing diversity jurisdiction. (Doc. No. 22.) The Court specifically asked the Plaintiffs to demonstrate why Defendant Temecula Valley Bank was a proper party and why it had not been included in the original Complaint. (*Id*. at 2.) The Defendants were given leave to file a sur-reply if they so chose. (*Id*. at 2.) On July 30, 2012, the Plaintiffs filed their reply (Doc. No. 24), and on August 8, 2012, the Defendants filed their sur-reply. (Doc. No. 26.)

## II.

## LEGAL STANDARD

An action is removable to federal court if it might have been brought there originally. *See* 28 U.S.C. § 1441(a) (2009). The propriety of the removal may be tested in federal court by a motion to remand. *See* 28 U.S.C. § 1447(c). Remand of a case to state court after removal is appropriate when removal is procedurally improper or when there are no grounds for federal jurisdiction, whether federal-question or diversity. *Id.*; *Baker v. BDO Seidman*, L.L.P., 390 F. Supp. 2d 919, 920 (N.D. Cal. 2005) (noting that federal jurisdiction is "traditionally predicated upon diversity jurisdiction or federal question jurisdiction"). The removal statute is strictly construed against removal jurisdiction, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. *Matheson*

*v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). The party seeking removal bears the burden of proving the propriety of removal. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

### III.

### DISCUSSION

**A.     *Abstention***

The Plaintiffs argue that the action should be remanded based upon abstention principles. (Doc. No. 24 at 1.) They say that the *Colorado River* doctrine of abstention requires the Court to remand the action back to state court. (Doc. No. 8 at 13.) The Plaintiffs cite authority that, where the jurisdiction of one court has first attached, a second court cannot have simultaneous jurisdiction over the same property. (*Id.* at 4.) The Plaintiffs argue that since this action was brought in state court originally and deals with property, the Court cannot have jurisdiction because the action has already attached to state court. (*Id.* at 4-5.)

The Plaintiffs misunderstand the *Colorado River* doctrine of abstention. In the interest of wise judicial administration, federal courts may stay a case involving a question of federal law where a **concurrent** state action is pending in which the identical issues are raised. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 815 (1976). Here, the Plaintiffs have failed to identify any such parallel proceeding. The instant action was originally filed in state court, and the Defendants removed the action to federal court based on diversity and federal question jurisdiction. The Court is unaware of any remaining parallel action in the state court with identical issues.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Id.* at 813. The doctrine of abstention is "an extraordinary and narrow exception." *Id.* at 813. "Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* at 813. The Court therefore declines to remand the action based on the abstention doctrine.

**B.     *Diversity Jurisdiction***

As noted above, on February 17, 2012, the Defendants removed this action to federal court on the basis of diversity jurisdiction and federal question jurisdiction. (Doc. No. 1 at 3-4.) Shortly after

filing their instant motion to remand, the Plaintiffs filed a First Amended Complaint adding Temecula Valley Bank—a non-diverse party—as a Defendant and removing the § 17200 claim that had been the basis of federal question jurisdiction. (Doc. No. 11 at 5.) The Court, concerned with the possibility that the Plaintiffs added Temecula Valley Bank solely to destroy diversity jurisdiction, ordered the Plaintiffs to file a reply explaining why Temecula Valley Bank was a proper party and why it was not included in the original Complaint. (Doc. No. 22.)

In their reply, Plaintiffs argue that diversity jurisdiction is not an issue and that the action should instead be remanded based on the abstention principles discussed above. (Doc. No. 24 at 1.) The Plaintiffs nonetheless explain that they added Defendant Temecula Valley Bank "out of an abundance of caution" due to their confusion over the true parties in the matter. (*Id*. at 2.) However, the Plaintiffs neglect to explain why the Defendant was not included in the original Complaint.

Because the Plaintiffs do not refute the existence of diversity jurisdiction and fail to give adequate reasons why their newly added, non-diverse Defendant is a proper party, the Court finds that diversity jurisdiction remains intact.

## IV.

## CONCLUSION

For reasons stated herein, the Court **DENIES** the Plaintiffs' motion to remand.

**IT IS SO ORDERED.**


DATED:  August 20, 2012

_____

Hon. Anthony J. Battaglia
U.S. District Judge